UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>GOLDMAN SCHWARTZ INC, a corporation, )<br>also d/b/a Goldman, Schwartz, Lieberman & Stein, )<br><br>DEBTCOM, INC., a corporation, also d/b/a )<br>Cole, Tanner, & Wright, )<br><br>HARRIS COUNTY CHECK RECOVERY INC., )<br>a corporation, )<br><br>THE G. WRIGHT GROUP INC., a corporation, )<br>also d/b/a The Wright Group, )<br><br>GERALD WRIGHT, a/k/a Barry Schwartz, )<br><br>STARLETTE FOSTER, a/k/a Star Foster, and )<br><br>JENNIFER ZAMORA, )<br><br>Defendants. )<br>_____ ) | Civil Action No. 4:13-cv-00106<br>Judge Gray H. Miller |

## PRELIMINARY INJUNCTION ORDER WITH ASSET FREEZE, DEBT COLLECTION BAN, APPOINTMENT OF PERMANENT RECEIVER, AND OTHER EQUITABLE RELIEF

Plaintiff Federal Trade Commission (Commission), having filed its Complaint for a

Permanent Injunction and Other Equitable Relief under Section 13(b) and Section 19 of the

Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 53(b) and 57b, and having filed its *Ex*

*Parte* Motion for Temporary Restraining Order and supporting memorandum under Rule 65 of

the Federal Rules of Civil Procedure, and the Court, having considered the Complaint, declarations, exhibits, and memorandum of law, finds that:

## FINDINGS OF FACT

1.    This Court has jurisdiction over the subject matter of this case, jurisdiction of all parties, and venue in this district is proper.

2.    There is good cause to believe that Defendants Goldman Schwartz Inc, d/b/a Goldman, Schwartz, Lieberman & Stein; Debtcom, Inc., d/b/a Cole, Tanner, & Wright; Harris County Check Recovery Inc.; The G. Wright Group Inc., d/b/a The Wright Group; Gerald Wright, a/k/a Barry Schwartz; Starlette Foster, a/k/a Star Foster; and Jennifer Zamora have engaged in, and are likely to engage in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and multiple sections of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and that the Commission is likely to prevail on the merits of this action.

3.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including rescission or reformation of contracts, restitution, refund of monies paid, and disgorgement of ill-gotten monies – will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or records, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted.

4.    There is good cause to appoint a Permanent Receiver over Corporate Defendants Goldman Schwartz Inc, d/b/a Goldman, Schwartz, Lieberman & Stein; Debtcom, Inc., d/b/a Cole, Tanner, & Wright; Harris County Check Recovery Inc.; and The G. Wright Group Inc., d/b/a The Wright Group.

5.      Weighing the equities and considering the Commission's likelihood of success on the merits, a Preliminary Injunction with asset freeze, appointment of a Permanent Receiver, and other equitable relief is in the public interest.

6.      There is good cause for issuing this Preliminary Injunction (Order) under Rule 65(b) of the Federal Rules of Civil Procedure.

7.      No security is required of any agency of the United States for issuance of a Preliminary Injunction.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A.      **"Corporate Defendants"** means Goldman Schwartz Inc, d/b/a Goldman, Schwartz, Lieberman & Stein; Debtcom, Inc., d/b/a Cole, Tanner, & Wright; Harris County Check Recovery Inc.; and The G. Wright Group Inc., d/b/a The Wright Group; and their successors and assigns.

B.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

C.      **"Electronic data host"** means any person or entity that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

D.      **"Financial institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

E.      **"Individual Defendants"** means Gerald Wright, a/k/a Barry Schwartz; Starlette Foster, a/k/a Star Foster; and Jennifer Zamora.

F.     **"Mail"** includes, but is not limited to, all envelopes, papers, or other items delivered, whether by United States Mail, United Parcel Service, FedEx, email, or similar delivery service.

G.     **"Permanent Receiver"** refers to the receiver identified in Paragraph XV.

H.     **"Receivership Defendants"** means the Corporate Defendants, as well as any affiliates and subsidiaries that conduct any business related to the Corporate Defendants' debt collection services and that the Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

## ORDER

## PROHIBITIONS AND CONDUCT REQUIREMENTS

## I.     BAN ON DEBT COLLECTION

**IT IS THEREFORE ORDERED** that Defendants are preliminarily restrained and enjoined from engaging in the business of debt collection, whether directly or through an intermediary.

## II.     DISABLEMENT OF DEFENDANTS' WEBSITES

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with collecting debts, shall:

A.     Immediately do whatever is necessary to ensure that the existing content of any website used by Defendants in connection with collecting debts, including, but not limited to, the websites whose addresses are listed on Attachment A, and containing statements or

4

representations prohibited by this Order, cannot be accessed or modified by the public, except as permitted by Paragraph III, below;

B.      Prevent the destruction or erasure of any website used by Defendants in connection with collecting debts, including, but not limited to, the websites whose addresses are listed on Attachment A, by preserving such websites in the format in which they are maintained currently; and

C.      Immediately notify counsel for the Commission of any other websites operated or controlled by Defendants.

## III.     POSTING NOTICE OF LAWSUIT ON WEBSITES

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with collecting debts, shall immediately take whatever action is necessary to ensure that any website covered by Paragraph II.A. of this Order, shall prominently display only of the following statement:

> The Federal Trade Commission (Commission) has filed a lawsuit against Goldman Schwartz Inc, d/b/a Goldman, Schwartz, Lieberman & Stein; Debtcom, Inc., d/b/a Cole, Tanner, & Wright; Harris County Check Recovery Inc.; The G. Wright Group Inc., d/b/a The Wright Group; Gerald Wright, a/k/a Barry Schwartz; Starlette Foster, a/k/a Star Foster; and Jennifer Zamora, alleging that they have engaged in deceptive, abusive, and unfair collection practices relating to debt collection business. The U. S. District Court for the Southern District of Texas issued a Preliminary Injunction prohibiting the alleged acts and practices. You may obtain additional information directly from the Permanent Receiver, Charlene Koonce, Scheef & Stone, LLP, 500 N. Akard Street, Suite 2700, Dallas, Texas 75201-3306, or the Commission.

Each website carrying this message shall also provide a hypertext link to the Commission's web page at www.ftc.gov, or other web page designated by counsel for the Commission.

## IV. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are preliminarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, Social Security number, credit card number, bank account number, email address, or other identifying information of any person Defendants contacted in an attempt to collect a debt. Provided, however, that Defendants may disclose the identifying information to a law enforcement agency or as required by any law, regulation, or court order.

### ASSET FREEZE AND REPATRIATION OF ASSETS

## V. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, or any of them, except as provided herein, as stipulated by parties, or as directed by further order of the Court, are preliminarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security

6

interest or other interest in, or otherwise disposing of any funds, real or personal property,

accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest

therein, wherever located, including outside the territorial United States, that are:

      1.    owned, controlled, or held by, in whole or in part, for the benefit of, or

subject to access by, or belonging to, any Defendant;

      2.    in the actual or constructive possession of any Defendant; or

      3.    in the actual or constructive possession of, or owned, controlled, or held

by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other

entity directly or indirectly owned, managed, or controlled by, or under common control with,

any Defendant, including, but not limited to, any assets held by or for any Defendant in any

account at any bank or savings and loan institution, or with any credit card processing agent,

automated clearing house processor, network transaction processor, bank debit processing agent,

customer service agent, commercial mail receiving agency, or mail holding or forwarding

company, or any credit union, retirement fund custodian, money market or mutual fund, storage

company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading

company, precious metal dealer, or other financial institution or depository of any kind, either

within or outside the territorial United States;

    B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or

under any Defendant's control, without providing the Commission prior notice and an

opportunity to inspect the contents in order to determine that they contain no assets covered by

this Paragraph;

7

C. Cashing any checks or depositing any payments from customers or clients of Defendants;

D. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E. Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

The funds, property, and assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

## VI.    DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, that is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

             1.      on behalf of, or for the benefit of, any Defendant or any other party subject to Paragraph V., above;

             2.      in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Paragraph V., above; and

             3.      that are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Paragraph V., above;

      B.      Deny Defendants access to any safe deposit boxes or storage facilities that are either:

             1.      titled in the name, individually or jointly, of any Defendant, or other party subject to Paragraph V., above; or

             2.      subject to access by any Defendant or other party subject to Paragraph V., above;

      C.      Provide the Commission, within 5 days of the date of service of this Order, a sworn statement setting forth:

             1.      the identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Paragraph V., above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

             2.      the balance of each such account, or a description of the nature and value of such asset;

             3.      the identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant,

or is otherwise subject to access or control by any Defendant or other party subject to Paragraph V., above, whether in whole or in part;

        4.     the identification of any Defendant or other party subject to Paragraph V., above, that has attempted to access any account, safe deposit box, storage facility, or other asset, since the date of this Order; and

        5.     if the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

        D.     Allow representatives of the Commission immediate access to inspect and copy, or upon the Commission's request, within 5 business days of said request, provide the Commission with copies of, all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

        E.     This Paragraph shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled 2 years prior to the effective date of this Order. This Paragraph shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## VII.   REPATRIATION OF ASSETS AND DOCUMENTS

        **IT IS FURTHER ORDERED** that Defendants shall:

        A.     Within 3 business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents and assets

that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B. Within 3 business days following service of this Order, provide the Commission with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America under Subparagraph A of this Paragraph and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

C. Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

D. Within 3 business days following service of this Order, provide the Commission access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States, by signing and delivering to the Commission's counsel the Consent to Release of Financial Records attached to this Order as Attachment B.

## VIII. INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are preliminarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Paragraph VII. of this Order, including, but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, telephoning, or

engaging in any other act, directly or indirectly, that results in a determination by a foreign

trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement until such time as all assets have been fully repatriated according to Paragraph VII. of

this Order; or

B.      Notifying any trustee, protector, or other agent of any of the Defendants of the

existence of this Order, or of the fact that repatriation is required under a Court Order, until such

time as all assets have been fully repatriated according to Paragraph VII. of this Order.

## FINANCIAL STATEMENTS AND ACCESS TO RECORDS

**IX.     FINANCIAL STATEMENTS AND ACCOUNTING**

**IT IS FURTHER ORDERED** that within 5 business days following the service of this

Order:

A.      Each Individual Defendant shall prepare and deliver to Commission counsel a

completed financial statement on the form captioned "Financial Statement of Individual

Defendant," that is attached to this Order as Attachment C;

B.      Each Defendant shall also prepare and deliver to Commission counsel a

completed statement, verified under oath:

1.      specifying the name and address of each financial institution and

brokerage firm at which the Defendant has accounts or safe deposit boxes.  The statements shall

include assets held in foreign as well as domestic accounts; and

2.      listing all persons who have received payments, transfers, or assignment of

funds, assets, or property that totals $10,000 or more in any 12-month period since January 1,

2008.  This list shall specify:  (a) the amount(s) transferred or assigned; (b) the name of each

transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of

consideration paid to the Defendant; and

C.     Unless otherwise agreed upon with Commission counsel and the Permanent Receiver, Defendants shall also prepare and deliver to Commission counsel:

1.     a completed financial statement on the form captioned "Financial Statement of Corporate Defendant," that is attached to this Order as Attachment D, for each Corporate Defendant, and for each business entity owned, controlled or managed by Individual Defendants, regardless of whether it is a Defendant in this case. The financial statements shall be accurate as of the date and time of entry of this Order; and

2.     a detailed accounting, verified under oath, for each Corporate Defendant listing:

a.     gross revenues obtained from debt collection activities (broken down by month and year) from January 1, 2008, through the date of the issuance of this Order;

b.     all revenues obtained from debt collection activities attributable to fees added by Defendants, including attorneys fees and late fees (broken down by type of fee, month, and year) from January 1, 2008, through the date of the issuance of this Order;

c.     net profits obtained from debt collection activities (broken down by month and year) from January 1, 2008, through the date of the issuance of this Order;

d.     all amounts obtained from debt collection activities that were forwarded to the original creditor, or the successor or assignee of the original creditor (broken down by recipient, month, and year); and

e.     the full name, address, and telephone number of every consumer from whom Defendants collected a debt, and the amount paid by each (broken down by principle, interest, and fees) from January 1, 2008, through the date of the issuance of this Order.

## X.     RECORDS MAINTENANCE AND NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission,

email, or otherwise, whether acting directly or indirectly, or any of them, are preliminarily restrained and enjoined from:

A.　　Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, electronically stored information, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

B.　　Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored information, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.　　Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.　CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that, under Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the Commission and the Permanent Receiver a consumer report concerning any of the Defendants.

## XII.   PRESERVATION OF EXISTING RECORDS

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, electronically stored information, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal and business cancelled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind related to the business practices or business or personal finances of Defendants, individually and jointly.

## XIII.  DUTIES OF ELECTRONIC DATA HOSTS

**IT IS FURTHER ORDERED** that any electronic data host for Defendants shall:

A.    Discontinue the provision of products and services to any Defendant or any other person using a Defendant's account, and take no step to provide products or services to any Defendant except as authorized by further order of this Court;

B.    Disconnect any such computer equipment from the Internet and from any other means of remote access by Defendants or any other person, and take no step to reconnect the computer equipment except as authorized by further order of this Court;

C.    Deny Defendants and any other person access to Defendants' accounts for computer products and services except as authorized by further order of this Court;

D.    Deny Defendants and any other person access to the computer equipment except as authorized by further order of this Court;

15

E.      Prevent the modification or removal of Defendants' electronically stored information or computer equipment from its present location except as authorized by further order of this Court; and

F.      Provide counsel for the Commission, within 5 business days of receipt of a copy of this Order, with a sworn statement disclosing the identity of any electronic data host, and the location of the computer equipment, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size, and capacity of any mass storage arrays or devices, in order that the Commission may arrange for imaging of the contents of any of the mass storage arrays or devices.

## XIV.   PRODUCTION OF DOCUMENTS AND DATA

**IT IS FURTHER ORDERED** that, if at the time of service of this Order, any records, electronically stored information, or property relating to Receivership Defendants, or to any Defendant's assets are located in the personal residence of any Individual Defendant, or in any other non-business location under the personal control of any Individual Defendant, then such Defendant(s) shall, within 48 hours of service of this Order, produce to the Commission, at a location designated by the Commission, the following:

A.      All contracts, accounting data, written or electronic correspondence, advertisements, computer tapes, discs, electronically stored information, or other computerized or electronic records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, telephone bills, receipt books, ledgers, customer records and lists, refund records, receipts, ledgers, bank records (including personal and business monthly statements, canceled checks, records of wire transfers, and check registers), appointment books, copies of federal, state, and local business or personal income or property tax returns, 1099 forms, title records, and other documents or records of any kind related to Defendants' business and assets; and

B.      All computers, electronically stored information, and data in whatever form, used by Defendants, in whole or in part, relating to Defendants' business and assets.

16

**RECEIVERSHIP**

## XV. APPOINTMENT OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Charlene Koonce, Scheef & Stone, LLP, 500 N. Akard Street, Suite 2700, Dallas, Texas 75201-3306, is appointed Permanent Receiver for Receivership Defendants, as well as for any successors, assigns, affiliates, and subsidiaries that conduct any business related to Defendants' debt collection business, and that the Permanent Receiver has reason to believe is owned or controlled in whole or in part by any of the Receivership Defendants, with the full power of an equity receiver. The Permanent Receiver shall be the agent of this Court and solely the agent of this Court in acting as Permanent Receiver under this Order. The Permanent Receiver shall be accountable directly to this Court. The Permanent Receiver shall comply with all Local Rules of this Court governing receivers.

## XVI. RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Permanent Receiver is directed and authorized to perform and accomplish the following:

A.     Assume full control of Receivership Defendants by removing the Individual Defendants, and any other officer, manager, independent contractor, employee, or agent of Receivership Defendants from control and management of the affairs of Receivership Defendants;

B.     Collect, marshal, and take custody, control and possession of all the funds, property, premises, accounts, mail, and other assets of, or in the possession or under the control of Receivership Defendants, wherever situated, the income and profits, and all sums of money now or hereafter due or owing to Receivership Defendants with full power to: collect, receive, and take possession of all goods, chattels, rights, credits, monies, effects, lands, leases, books and records, work papers, records of accounts, including computer-maintained information and electronically stored information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of Receivership Defendants and other

17

individuals or corporations whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants;

     C.     Collect, marshal, and take custody, control, and possession of all electronically stored information maintained or stored on any Smartphones, flash drives, telephones, PDAs, desktop personal computers and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether personal or business, for the purposes of the Permanent Receiver to determine whether the device contains electronically stored information relating to Receivership Defendants' business practices. The Permanent Receiver shall make available for copying and imaging by Plaintiff and Defendants all business-related electronically stored information maintained or stored on the devices;

     D.     Perform all acts necessary to conserve, hold, manage, and preserve the value of those assets in order to prevent any irreparable loss, damage and injury to business venture purchasers, and all acts incidental thereto;

     E.     Perform all acts necessary to ensure that Receivership Defendants are in compliance with the provisions of this Order, including ceasing all debt collection activities, whether directly or through an intermediary;

     F.     Make best efforts to notify Receivership Defendants' customers about this Order, the efforts can include posting this Order on Receivership Defendants' websites;

     G.     Enter into agreements in connection with administration of the receivership, including, but not limited to:

     1.     the retention and employment of investigators, attorneys, or accountants of the Permanent Receiver's choice, including, without limitation, members and employees of the Permanent Receiver's firm, to assist, advise, and represent the Permanent Receiver; and

     2.     the movement and storage of any equipment, furniture, records, files, or other physical property of Receivership Defendants; and

     H.     Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Permanent Receiver deems

18

necessary and advisable to preserve the value of the properties of Receivership Defendants or that the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order, and likewise to defend, compromise or adjust or otherwise dispose of any or all actions or proceedings instituted against the Permanent Receiver or Receivership Defendants that the Permanent Receiver deems necessary and advisable to preserve the properties of Receivership Defendants or that the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order.

## XVII. PERMANENT RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Permanent Receiver shall file with the Clerk of this Court a bond in the sum of $25,000, with sureties to be approved by the Court, conditioned that the Permanent Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XVIII. COOPERATION WITH THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly:

A.     Shall fully cooperate with and assist the Permanent Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Permanent Receiver that the Permanent Receiver deems necessary to exercising the authority and discharging the responsibilities of the Permanent Receiver under this Order; providing any password required to access any computer, electronically stored information, or electronic files in any medium; or advising all persons who owe money to Receivership Defendants that all debts should be paid directly to the Permanent Receiver; and

B.     Are preliminarily restrained and enjoined from directly or indirectly:

1.     transacting any of the business of Receivership Defendants, or transacting business under the name of Receivership Defendants, or any substantially similar name;

2. destroying, concealing, defacing, transferring, or otherwise altering or disposing of any documents of Receivership Defendants, including, but not limited to, books, records, accounts, documents, electronically stored information, or any other papers of any kind or nature;

3. transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Receivership Defendants or the Permanent Receiver;

4. excusing debts owed to Receivership Defendants;

5. failing to notify the Permanent Receiver of any asset, including accounts, of any Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than Receivership Defendants, or failing to provide any assistance or information requested by the Permanent Receiver in connection with obtaining possession, custody, or control of such assets; or

6. doing any act or refraining from any act whatsoever to interfere with the Permanent Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Permanent Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Receivership Defendants; or to refuse to cooperate with the Permanent Receiver or the Permanent Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XIX. DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A. Immediately upon service of this Order upon them, or within a period permitted by the Permanent Receiver, Defendants and all other persons in possession, custody, and control of assets or documents of Receivership Defendants shall transfer or deliver possession, custody, and control of the following to the Permanent Receiver:

1. all assets of Receivership Defendants;

2. all documents of Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), mail, client lists, collection records, title documents, electronically stored information, and other papers; and

3. all assets belonging to members of the public now held by Receivership Defendants.

B. In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Permanent Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Permanent Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county to seize the asset, document, or other thing and to deliver it to the Permanent Receiver.

## XX.  BANKRUPTCY PETITIONS

### IT IS FURTHER ORDERED that:

A. In light of the asset freeze and appointment of the Permanent Receiver, Defendants are prohibited from filing, or causing to be filed, on behalf of any Receivership Defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

B. In light of the asset freeze, Individual Defendants must give 21 days' notice to the Commission prior to filing, or causing to be filed, on behalf of any Individual Defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## XXI.  TRANSFER OF FUNDS TO THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies,

or other financial institutions shall cooperate with all reasonable requests of the Permanent Receiver relating to implementation of this Order, including producing records related to the assets of Receivership Defendants.

## XXII. STAY OF ACTIONS

### IT IS FURTHER ORDERED that:

A.     Except by leave of this Court, during pendency of the receivership, Defendants and all other persons and entities (except for the Commission) are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of: (a) Receivership Defendants, or (b) any of assets of Receivership Defendants, or (c) the Permanent Receiver or the Permanent Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.     commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that the actions may be filed to toll any applicable statute of limitations;

2.     accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.     executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.     doing any act or thing whatsoever to interfere with the Permanent Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Permanent Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Receivership Defendants.

B.      Subparagraph A of this Paragraph does not stay:

    1.      the commencement or continuation of a criminal action or proceeding;

    2.      the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power;

    3.      the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power; or

    4.      the issuance to Receivership Defendants of a notice of tax deficiency.

C.      Except as otherwise provided in this Order, all persons and entities who need documentation from the Permanent Receiver shall in all instances first attempt to secure the information by submitting a formal written request to the Permanent Receiver, and, if the request has not been responded to within 30 days of receipt by the Permanent Receiver, any person or entity may thereafter seek an order of this Court with regard to the relief requested.

## XXIII. COMPENSATION OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that the Permanent Receiver and personnel hired by the Permanent Receiver to perform the duties under this Order, are entitled to a reasonable compensation for the performance of duties under this Order, and for the cost of actual out-of-pocket expenses incurred by them, from Defendants' assets.  To obtain payment, the Permanent Receiver shall file with the Court and serve on the parties periodic requests for the payment of reasonable compensation, with the first request filed no more than 60 days after the date of this Order.  The Permanent Receiver shall not increase the hourly rates used as the bases for the fee applications without prior approval of the Court.

## XXIV. PERMANENT RECEIVER'S ACCESS TO PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      The Permanent Receiver, and its respective representatives, agents, contractors, or assistants, are permitted, and Defendants shall allow, immediate access to any business premises, mail drops, and storage facilities of Receivership Defendants.  These locations include, but are

not limited to, the offices and facilities of Receivership Defendants at or in the vicinity of: 10333 Harwin Drive, Suites 100 and 150, Houston, Texas 77036 and 11152 Westheimer, Suite 116, Houston, Texas 77042.

     B.     The Permanent Receiver is authorized to employ the assistance of law enforcement officers, including, but not limited to, the Harris County Constable Precinct 5, to effect service, to implement peacefully the provisions of this Order, and to keep the peace. The Permanent Receiver may exclude Defendants and their agents and employees from the business premises and facilities.

     C.     Defendants and all agents or employees of Defendants shall provide the Permanent Receiver with any necessary means of access to documents, including, without limitation, the locations of Receivership Defendants' business premises, keys and combinations to business premises locks, computer access codes of all computers used to conduct Receivership Defendants' business, and storage area access information.

     D.     The Permanent Receiver is authorized to copy any documents related to Defendants' business practices, including by forensic imaging of electronically stored information. The Permanent Receiver is authorized to remove any documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials removed shall be returned within 5 business days of completing inventory and copying.

**NOTIFICATION AND MONITORING PROVISIONS**

**XXV. DISTRIBUTION OF ORDER BY DEFENDANTS**

     **IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, employee, agent, servant, attorney, subsidiary, division, and representative of any of the Defendants, and shall, within 3 days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order. This statement shall include the names and addresses of each person or entity who received a copy of this Order.

24

## XXVI. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order. Under Fed. R. Civ. P. 4(c)(2), this Order may be served on Defendants, upon the business premises of Defendants, and upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any of the Defendants, or that may be subject to any provision of this Order, by employees of the Commission, by employees of any other law enforcement agency, by any agent of the Commission, or by any agent of any process service retained by the Commission.

## XXVII. MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the Commission may contact Defendants or their agents or representatives directly and anonymously for the purpose of monitoring compliance with this Order, and may record any oral communications that occur in the course of the contacts.

## XXVIII. CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on the Commission shall be addressed to:

> Thomas B. Carter
> Attorney-in-Charge
> Federal Trade Commission
> Southwest Region
> 1999 Bryan Street, Suite 2150
> Dallas, Texas 75201-6808
> Fax: (214) 953-3079
> email: tcarter@ftc.gov

## XXX. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Defendant, within 5 business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of the Order.

## XXXI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

**DATED** this 28th day of January, 2013.

_____

JUDGE GRAY H. MILLER
UNITED STATES DISTRICT JUDGE